Louis **RABINER** and Lena Rabiner, husband and wife, Plaintiffs,

v.

Ernest W. **BACON**, Director of Internal Revenue, Defendant.

Civ. No. 6–1696–C–1.

United States District Court
S. D. Iowa,
Central Division.

March 17, 1966.

John H. Mitchell, Fort Dodge, Iowa, for plaintiffs.

Donald M. Statton, U. S. Atty., Richard M. Roberts, Acting Asst. Atty. Gen., Dept. of Justice, David A. Wilson, Jr., and Daniel L. Power, Attys., Dept. of Justice, Washington, D. C., for defendant.

STEPHENSON, Chief Judge.

This lawsuit arises under 28 U.S.C. § 1340 (1964) and involves an attempt by the plaintiff to recover portions of income taxes which they paid for the fiscal years 1960, 1961, and 1962.[1] The defendant, Ernest W. Bacon, is the Director of Internal Revenue for the District of Iowa and is the person to whom the taxes now in controversy were paid. The plaintiffs filed timely joint income tax returns for the fiscal years 1960, 1961, 1962, and fully paid the taxes due under these returns. A partial refund is now claimed by the plaintiffs on the basis that certain amounts received by them during those fiscal years were reported as "ordinary income" when they were in fact long term capital gains.

The plaintiffs are owners of certain land containing sand and gravel deposits. This property was acquired in 1939 and, since 1939, the mineral deposits have been mined under various agreements. On January 1, 1957, the plaintiff, Louis Rabiner, entered into an agreement with Davis Brothers Construction Company (Davis Brothers) for the exploitation of sand and gravel from the plaintiffs' land. The terms of the agreement were contained in a document entitled "Lease Contract." Davis Brothers was granted the right to enter upon the land to remove sand and gravel deposits for a period of five years. The rent designated in the agreement was ten cents per ton for material removed during the first year of the lease term and twelve and one-half cents per ton for material removed during the remaining four years. The leasing agreement contained no maximum or minimum limit regarding the amount of sand or gravel deposits to be removed during the time covered by the lease. It was further specified that Davis Brothers have only a right in the premises to remove gravel and dirt and that they have no other control over the said premises or interest therein. Upon the basis of this agreement, the plaintiffs contend that true substance of the transaction between them and Davis Brothers resulted in the sale of a long term capital asset.

The term "capital asset" is defined in the Internal Revenue Code as follows:

> "For purposes of this subtitle, the term 'capital asset' means property held by the taxpayer (whether or not connected with his trade or business), but does not include—
>
> (1) stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business; * * *" 26 U.S.C. § 1221 (1958).

For tax purposes, an agreement must be considered in substance

---

1. In the pretrial order on this case, it was determined that although this Court's ruling will be directed towards the fiscal years 1960, 1961, and 1962, the decision is also dispositive of the controversy between the parties concerning the fiscal year 1963. The Court is not required to make any computations in rendering its decision.

and not merely in form. It appears to the Court that the agreement involved herein is a lease in substance, as well as in form. The language of the agreement, which is clear and unambiguous, indicates there was no sale of a long term asset, but rather a lease. The stated intention of the parties cannot be ignored. Albritton v. Commissioner of Internal Revenue, 248 F.2d 49 (5th Cir. 1957). After examining the authorities cited by the plaintiffs and the defendant, this Court finds that it is in complete agreement with the conclusions and opinions expressed in Laudenslager v. Commissioner of Internal Revenue, 305 F.2d 686 (3d Cir. 1962). The taxpayers herein, as there, retained an economic interest in the mineral deposits at the time the lease was entered into. There was no specific sale of mineral deposits under the lease. It was only subsequent removals of mineral deposits by Davis Brothers which resulted in sales of the deposits. The payments made by Davis for material removed during the period of the lease constituted ordinary income.

█ It also appears to the Court that the plaintiffs were "holding" the minerals "primarily for sale to customers in the ordinary course of his (their) trade or business." Taxpayer commenced mining gravel from this ground when he acquired the property in 1938. He continued to do so for a period of five years. Thereafter he leased the property to mining contractors who paid him rent or royalties for sand and gravel removed under leases similar to the lease with Davis. The sale of mineral deposits, under these circumstances, does not qualify under the Internal Revenue Code for capital gain treatment. The sales were properly treated as ordinary income. The plaintiffs are not entitled to a refund.

The foregoing shall constitute the Court's finding of fact and conclusions of law. Judgment will be entered in favor of the defendant, Ernest W. Bacon, at plaintiffs' costs.